UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-62038-CIV-MARTINEZ

ALEKSEI KOMAROV,

Petitioner,

v.

BROWARD TRANSITION CENTER,
*et al.*,

Respondents.
_____/

## OMNIBUS ORDER

**THIS CAUSE** comes before the Court on two filings by *pro se* Petitioner Aleksei Komarov: (1) a Motion to Proceed in Forma Pauperis [ECF No. 3] (the "IFP Motion"); and (2) a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"). In his IFP Motion, Petitioner asks the Court to allow him to proceed *in forma pauperis* ("IFP") — that is, without paying the $5.00 fee that is typically due when a person files an application for a writ of habeas corpus. (*See generally* IFP Mot.); *see also* 28 U.S.C. § 1914(a) (noting that "on application for a writ of habeas corpus the filing fee shall be $5"). In his Petition, Petitioner challenges his immigration detention, which he argues is a violation of his Fifth Amendment right to due process because he was detained without charging documents or formal notice. (*See generally* Pet.). For the reasons explained, the IFP Motion is **DENIED**, and the Petition is **DISMISSED WITHOUT PREJUDICE**.

A court "may authorize the commencement" of an action "without prepayment of fees or security therefor" if a party "submits an affidavit that includes a statement of all assets" he possesses, along with a statement that "the person is unable to pay such fees or give security

therefor," a description of "the nature of the action," and "affiant's belief that" he "is entitled to redress." *See* 28 U.S.C. § 1915(a)(1); *cf.* 28 U.S.C. § 2254, Rule 3(a)(2). When a party submits a motion under § 1915(a), the court must determine "whether the statements in the affidavit satisfy the requirement of poverty." *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (footnote and quotation marks omitted). The court must accept the statements in the affidavit "absent a serious misrepresentation," *see id.*, but it may also "look beyond the application to determine" the party's "financial condition," *id.* at 1307 n.3 (citation modified). An IFP motion is "sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* at 1307.

In the IFP Motion, which is handwritten and not on the court-created form, Petitioner declares that because of his poverty he is "unable to pay the costs" of this proceeding. (*See* IFP Mot. 1). He explains that he is currently detained and has "no income, zero wages, and no employment." (*Id.*). He also notes that he has "no cash, no savings accounts, no real estate, and no valuable property." (*Id.*). Finally, he states that he is the "father of a 4-year-old child for whom [he is] responsible." (*Id.*). Petitioner includes a statement "declar[ing] under penalty of perjury that" the information in the IFP Motion "is true and correct," and he signed the IFP Motion underneath that statement. (*Id.*). The IFP Motion is not notarized, however, and it does not include any attachments. (*See id.*). In his Petition, he indicates he has been detained by U.S. Immigration and Customs Enforcement ("ICE") since July 14, 2026. (*See* Pet. 2–3).

As an initial matter, the Court notes that *pro se* litigants who wish to proceed IFP are not required to use the court-created form when filing an IFP motion. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). They are,

2

however, required to ensure that their motions include all the information necessary to allow the Court to adequately assess whether they should be permitted to proceed without prepaying fees or costs. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court."). The court-created form streamlines that process by asking a series of questions about various income sources, employment history, assets, debts, dependents, and expenses. *See* U.S. Courts, *Application to proceed in District Courts Without Prepaying Fees or Costs*, https://www.uscourts.gov/sites/default/files/ao239_1.pdf. The form requires information about the applicant and his spouse for a period of either 12 months or 2 years preceding the motion, depending on the category. *See id.*

Based on the information provided in the IFP Motion, Petitioner seems "to demonstrate economic eligibility" for IFP status, as he asserts that he has no money or assets with which to pay the filing fee. *See Martinez*, 364 F.3d at 1307. The problem for Petitioner is that the IFP Motion is missing material, relevant information about his income, employment, and expense history. (*See* IFP Mot. 1). The statements in the IFP Motion address only Petitioner's current income and employment status; they say nothing about his income and expenses in the year preceding his detention, his employment history in the two years preceding his detention, or his spouse's information in any of the required categories.[1] (*See id.*). While Petitioner has been in ICE custody since July 14, 2026, (Pet. 2–3), during which time he plausibly could have had no expenses and made no income, this Court requires financial details covering a much longer period than two weeks to assess Petitioner's financial status and determine whether he is financially eligible to proceed IFP in this case.

---

[1]      In the Petition, Petitioner explains that he "entered the U.S. in March 2022 as a dependent on his spouse's student visa." (Pet. 2).

3

CASE NO. 26-62038-CIV-MARTINEZ

As both Congress and the Supreme Court have recognized, "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For that reason, § 1915(a)(1) requires federal courts to "deploy appropriate scrutiny" to ensure that IFP status is warranted. *See Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346 n.1 (S.D. Ga. 2013). Because the IFP Motion is lacking required detail, the Court cannot properly scrutinize Petitioner's ability to pay. As a result, it is legally insufficient to support IFP status, so the Court will exercise its discretion to deny the IFP Motion. *See Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) ("[P]roceeding *in forma pauperis* is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court."). Consequentially, because Petitioner has not paid the filing fee and has not been granted IFP status, the Court will dismiss the Petition without prejudice.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The Motion to Proceed in Forma Pauperis **[ECF No. 3]**, is **DENIED**.

2. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 **[ECF No. 1]**, is **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk is **DIRECTED** to mail a copy of this Order to Petitioner.

4. This case is **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this ___4___ day of August 2026.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc:     all counsel of record
        Petitioner, *pro se*

4